**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

COREY N. SULLIVAN,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS INC.,
a Pennsylvania corporation,

    Defendant.

## COMPLAINT

Plaintiff, Corey N. Sullivan, through her attorney James C. Plott, submits this Complaint, and states as follows:

### I.  PARTIES

1.    Plaintiff Corey Sullivan is a resident of the State of Colorado, residing at 9468 South Pendleton Drive, Highlands Ranch, Colorado.

2.    NCO Financial Systems Inc., (hereinafter, "NCO") is a Pennsylvania corporation with authority to transact business in Colorado, having filed a Statement of Foreign Entity Authority with the Colorado Secretary of State, and acts as a consumer debt collection firm.

## II.  JURISDICTION AND VENUE

3. Jurisdiction in this case is founded upon 15 U.S.C. § 1692k(d), which grants the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

4. Defendant is a debt collector as defined by the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), 15 U.S.C. § 1692a(6).

5. Although Plaintiff may not liable to Defendant, the plaintiff is a "consumer" as defined 15 U.S.C. § 1692a(3).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because many of the relevant events or omissions giving rise to Plaintiff's claims occurred within Colorado, and Plaintiff resides in Colorado.

## III.  INTRODUCTION

7. This is an action against a debt collector for willfully and wantonly violating provisions of the FDCPA.

## IV.  GENERAL ALLEGATIONS

8. When the Congress adopted the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, et seq., it found that

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

15 U.S.C. § 1692.  This is a case where Defendant's abusive debt collection practices have

violated Congress's mandates regarding the protection of consumers from abusive debt collection practices.

## V. FACTUAL ALLEGATIONS

9. On or about October 22, 2009, NCO sent a letter to Ms. Sullivan demanding payment on an account held by creditor Swedish Medical Center.

10. On or about November 1, 2009, Ms. Sullivan sent a letter to NCO, requesting verification of the underlying debt and demanding that NCO cease telephone contact with her.

11. On or about November 18, 2009, NCO responded to Ms. Sullivan's letter and enclosed information regarding the debt. The response from NCO implicitly acknowledges the receipt of Ms. Sullivan's letter to NCO dated November 1, 2009.

12. In spite of Ms. Sullivan's demand that no debt collection telephone contact be made with her, NCO intentionally and repeatedly telephoned Ms. Sullivan on the following dates and times attempting to collect a debt:

   a. 3/3/2010 at 1:12 pm.

   b. 3/22/2010 at 2:04 pm.

   c. 3/27/2010 at 11:32 pm.

13. Prior to the phone calls made by Defendant to Ms. Sullivan, she had the quiet enjoyment of her home, uninterrupted by harassing telephone calls from NCO.

14. NCO's calls made Ms. Sullivan reluctant to be in the company of friends and family, as she feared the embarrassment of addressing collection calls in their company.

15. As a result of these violations of the FDCPA, the Defendant is liable to the Plaintiff for her actual damages, statutory damages, and costs and attorney's fees.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
Violations of FDCPA, 15 U.S.C. § 1692c(c)

16. The Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

17. Defendant willfully contacted Ms. Sullivan three times to collect a debt despite acknowledging receipt of her demand to cease contact regarding that debt.

18. As a debt collector, Defendant is liable for any violation of the FDCPA in the amount of Ms. Sullivan's costs, reasonable attorney fees, and damages not exceeding $1,000.00 for each violation of the FDCPA.

## VI. REQUEST FOR RELIEF

19. Award Plaintiff damages relating to the willful violation of the FDCPA pursuant to 15 U.S.C. §§ 1692k(a)(1) and (2)(A);

20. Award Plaintiff attorney's fees and costs pursuant to the provisions of 15 U.S.C. § 1692k(a)(3);

21. Award Plaintiff interest from the earliest possible date under all applicable federal and state statutes; and

22. All other appropriate relief at law and equity.

## V. JURY DEMAND

23. Plaintiff does not demand a jury trial.

Respectfully submitted this 21st day of July, 2010,


*/s/ James C. Plott*
James C. Plott
Attorney for Plaintiff Corey Sullivan
300 West Eleventh Avenue, Suite 10F
Denver, Colorado 80204
Telephone: 720-985-1145
Facsimile: 303-333-2331
E-mail: jcp@plottlaw.com